```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

            -against-

SHIKHA SEHGAL,

                        Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/26/2026

24 Cr. 46-3 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On September 29, 2025, the Court received an email from Matthew Lee of Inner City Press seeking to unseal the parties' sentencing submissions ("Sehgal Submissions") in this case. *See* ECF No. 106 at 2–3.  By order dated October 6, 2025, the Court directed the parties to show cause why they should not be required to file a public version of their sentencing submissions redacted only to protect sensitive information that is not already public.  *See id.*  On October 14, 2025, the parties filed a joint, redacted submission regarding the unsealing of Sehgal's sentencing submissions.  Joint Ltr., ECF No. 110; *see also* Govt. Sent'g Mem. (redacted), ECF No. 110-1; Def. Sent'g Mem. (redacted), ECF No. 110-2.  For the reasons stated below, Lee's request to unseal the parties' sentencing submissions is granted in part and denied in part.

**DISCUSSION**

I.  Legal Standard

The public enjoys a common law right of public access to judicial documents and a "qualified First Amendment right . . . to access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted).  Both the common law and First Amendment rights of public access extend to criminal sentencing, and the documents

used in conjunction with those proceedings are "presumed to be open to the public." *United States v. Huntley*, 943 F. Supp. 2d 383, 385 (E.D.N.Y. 2013).

Where the common law right of access applies, the Court must apply a "presumption of access," although the weight of that presumption is determined by the "role of the material at issue in the exercise of Article III judicial power" and its "resultant value . . . to those monitoring the courts." *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014). Courts in this Circuit conduct a three-part test to determine whether documents should be sealed or redacted in light of the common law right of access: (1) "First, a court must conclude that the documents at issue are 'judicial documents' to which a presumption of access attaches"; (2) "Second, a court must determine the weight of the presumption of access"; (3) "Third, a court must balance 'competing considerations' against the presumption of access." *Virgil v. Finn*, No. 22 Civ. 3169, 2025 WL 694450, at *2 (S.D.N.Y. Mar. 3, 2025).

The First Amendment provides a stronger level of protection where the Court may only seal documents if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. (quoting *Lugosch*, 435 F.3d at 120). "The party moving to seal a document (or to maintain it under seal) bears the burden of establishing that sealing is warranted." *United States v. Vinas*, No. 08 Cr. 823, 2017 WL 2462503, at *2 (E.D.N.Y. June 6, 2017) (citation omitted).

Neither the common law nor the First Amendment rights of access are absolute. The party seeking to seal the documents may overcome the need for disclosure by showing that there are "competing considerations" or "countervailing factors" in the common law framework, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), or by showing that sealing is

necessary to preserve "higher values" in the First Amendment context, *see United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005).

In the common law context, "countervailing factors" may include "law enforcement interests or judicial performance." *Amodeo*, 71 F.3d at 1050 ("If release is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access."). They may also include a compromise to an "ongoing criminal investigation." *United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988); *see also Virgil*, 2025 WL 694450, at *5 (noting that sealing to protect against "the risk of decreasing future cooperation and interfering with law enforcement" must be narrowly tailored to achieve that aim).

In the First Amendment context, "higher values" include the "mitigation of risk of harm to a cooperating defendant," "the interest of the federal criminal justice system in having people being willing to assume the risks associated with cooperating with the government," and "the reliance interest of a cooperating defendant in not having either the government's substantial assistance motion or his own sealed statements regarding his cooperation publicly disclosed." *United States v. Doe*, No. 19 Misc. 27, 2019 WL 1081675, at *8 (D. Conn. Mar. 6, 2019). Other "higher values" include "the Government's interest in protecting national security and related information," *Vinas*, 2017 WL 2462503, at *2 (citing *United States v. Aref*, 533 F.3d 72, 82 (2d Cir. 2008)), as well as "the privacy interests of innocent third parties as well as those defendants that may be harmed by disclosure," and "[f]inancial records . . . , family affairs, illnesses, [and] embarrassing conduct with no public ramifications," *United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025) (citations omitted).

II.    <u>Application</u>

Lee seeks access to the Sehgal Submissions under the common law and First Amendment right of access. *See* ECF No. 106 at 2.

The Sehgal Submissions are judicial documents to which a common law and First Amendment presumption of access attaches. *See Greenwood*, 145 F.4th at 255. The parties argue that because "Sehgal's cooperation was discussed publicly at sentencing," the portions of the Sehgal Submissions that were already publicly disclosed can be unsealed. *See* Joint Ltr. at 2–3. The Court agrees. *See United States v. Giffen*, No. 03 Cr. 404, 2004 WL 2750092, at *2 (S.D.N.Y. Dec. 2, 2004) ("[T]his Court declines to seal documents that the Government filed in the public domain or comments made in open court.").

The parties, however, raise two types of harms that would result from the full unsealing of the Sehgal Submissions and, therefore, ask the Court to find that certain portions of the Submissions should remain under seal, with redacted versions filed on the public docket. The Court agrees that countervailing factors and higher values weigh against the public's interest in the complete unsealing of the Sehgal Submissions.

First, the parties argue that a complete unsealing of the Sehgal Submissions, which would specify certain details about Sehgal's cooperation, would adversely affect the Government's law enforcement interest and would chill voluntary cooperation with the Government in criminal investigations. Joint Ltr. at 2. The risk of chilling voluntary cooperation is a recognized countervailing factor to the right of public access, *see Amodeo*, 71 F.3d at 1050, and the Court finds that such risk is present here. Second, the parties argue that redaction of the Sehgal Submissions is necessary to prevent compromising an ongoing criminal investigation. Joint Ltr. at 2. Interference with an ongoing investigation is also a recognized countervailing factor to the

4

presumption of access, *see Haller*, 837 F.2d at 87; *Virgil*, 2025 WL 694450, at *5, and the Court finds that it applies here.

These same factors considered under the common law analysis apply to the First Amendment presumption. *See Doe,* 2019 WL 1081675, at *8. Higher values, including the federal criminal justice system's interest in encouraging cooperation, and the Defendant's reliance interest in not having her own sealed statements regarding her cooperation publicly disclosed, weigh in favor of permitting tailored redactions. *Id.* The Court also finds that the proposed redactions covering Sehgal's personal details, such as the identity of her family members, are narrowly tailored to preserve higher values. *See Greenwood*, 145 F.4th at 256.

The Court finds, therefore, that the parties' proposed redactions: (1) are narrowly tailored to cover personal information; (2) protect against the chilling of future voluntary cooperation with the Government and interference with an ongoing investigation; and (3) allow the public access to the appropriate portions of the Sehgal Submissions. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) ("[I]t is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document.").

## CONCLUSION

For the reasons stated above, Lee's motion to unseal the Sehgal Submissions is GRANTED IN PART and DENIED IN PART. By **March 12, 2026**, the parties shall file the redacted Sehgal Submissions as proposed at ECF Nos. 110-1 and 110-2 on the docket. The unredacted Sehgal Submissions shall remain under seal.

SO ORDERED.

Dated: February 26, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge